## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF KANSAS

Deborah Perryman,

        **Plaintiff,**

v.                                                                     Case No. 15-9077-JWL

Account Recovery Specialists, Inc.,

        **Defendant.**

### MEMORANDUM & ORDER

Plaintiff Deborah Perryman filed a state court petition against Account Recovery Specialists, Inc. ("ARSI") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.  Defendant thereafter removed the case to federal court. This matter is now before the court on plaintiff's motion to amend her complaint (doc. 13).  As will be explained, the motion is granted.

In her state court petition, plaintiff alleged that defendant ARSI, a debt collector, violated the FDCPA by contacting plaintiff directly when it knew that she was represented by counsel in connection with the debt.  *See* 15 U.S.C. § 1692c(a)(2) (a debt collector may not communicate with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to the debt and has knowledge of or can readily ascertain the attorney's name and address).  According to the allegations in plaintiff's petition, the creditor, Dr. Carl L. Falcone, had previously sued plaintiff in state court on the same debt and plaintiff retained counsel to represent her in that action, which was subsequently dismissed by Dr. Falcone.  Plaintiff alleges, then, that ARSI violated the FDCPA because ARSI,

on behalf of Dr. Falcone, contacted her directly when it knew that plaintiff was represented by counsel in connection with the debt.

Plaintiff now seeks to amend her complaint in light of ARSI's apparent assertions that it was not aware that she was represented by counsel in connection with the debt. Specifically, plaintiff seeks to add Dr. Falcone as a defendant to assert a claim against him that he violated the Kansas Consumer Protection Act by failing to disclose to ARSI that plaintiff was represented by counsel in connection with the debt and to assert a new theory of recovery under the FDCPA against ARSI—namely, that ARSI, to the extent it was unaware that plaintiff was represented by counsel, "purposefully lacked sufficient procedural safeguards to insure it did not learn of plaintiff's representation by counsel." Stated another way, plaintiff seeks to add an alternative theory of recovery against ARSI on the grounds that it purposefully had no procedures in place to determine a consumer's represented status and was "willfully ignorant" of the fact that plaintiff was represented by counsel.

ARSI opposes the motion to amend to the extent plaintiff seeks to include an alternative theory of recovery against ARSI. According to ARSI, the court must deny the proposed amendment on futility grounds because the FDCPA does not, as a matter of law, impose a duty on debt collectors to "find out" if a consumer is represented by counsel. *See Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."). Specifically, ARSI contends that plaintiff's theory necessarily fails because the FDCPA expressly requires actual knowledge of a consumer's represented status and implicitly rejects a "should have known" standard. ARSI

2

further urges that Dr. Falcone's knowledge of plaintiff's represented status cannot be imputed to ARSI.

ARSI is correct that what it "should have known" is irrelevant under the FDCPA and, moreover, that the creditor's knowledge of a consumer's represented status generally may not be imputed to the debt collector. *See Randolph v. IMBS, Inc*. 368 F.3d 726, 729-30 (7th Cir. 2004) (courts do not impute to debt collectors creditors' knowledge of represented status). But plaintiff's proposed new theory is not based on allegations that ARSI should have known that plaintiff was represented in light of Dr. Falcone's knowledge of her represented status. Stated another way, the court does not read plaintiff's proposed amended complaint to suggest that Dr. Falcone's knowledge of her represented status should be imputed to ARSI. Rather, plaintiff suggests that ARSI's own willful blindness to plaintiff's represented status is the equivalent of "actual knowledge" under the statute.

While ARSI's opposition addresses the notion of imputed knowledge under § 1692c(a)(2) and correctly observes that virtually all cases reject the idea that a creditor's knowledge, without more, may be imputed to the debt collector, ARSI does not address the more specific theory asserted in plaintiff's proposed amended complaint that ARSI was willfully blind to plaintiff's represented status. Because ARSI has not addressed that issue, and because there is some, albeit minimal, support for that theory in the case law, the court grants the motion to amend. *See Mullen v. Compton*, 2013 WL 372470, at *5 (S.D. Ohio Jan. 30, 2013) (analyzing FDCPA summary judgment submissions for evidence of either actual knowledge or willful blindness); *Micare v. Foster & Garbus*, 132 F. Supp. 2d 77, 80-81 (N.D.N.Y. 2001)

(suggesting that knowledge of creditor may be imputed to debt collector if debt collector does not ask creditor whether debtor is represented).

Finally, even if ARSI had addressed the appropriate contours of plaintiff's proposed new theory, the court would nonetheless grant the motion to amend. As the district court noted in *Lorenz v. GE Capital Retail Bank*, 944 F .Supp. 2d 220, 227-28 (E.D.N.Y 2013), there is no authority "to suggest that a plaintiff must plead actual knowledge to survive a motion to dismiss" a claim under § 1692c(a)(2). Rather, in order to satisfy the "basic pleading requirements for this particular provision of the FDCPA," the plaintiff need only allege that the debt collector had "knowledge" that she was represented by counsel and a failure to articulate whether she means actual or constructive knowledge is not fatal for purposes of a Rule 12(b)(6) motion. *Id*. at 228 (debt collector could not necessarily disclaim actual knowledge by maintaining multiple offices for various entities at different addresses). Here, plaintiff has alleged "knowledge" for purposes of the statute and her proposed amended complaint asserts a plausible claim for relief under § 1692c(a)(2).[1]

---

[1] While ARSI has attached its Rule 26(a)(1) disclosures which purportedly show that Dr. Falcone never advised ARSI that plaintiff was represented by counsel, the court cannot consider these materials, which are not referenced in or central to the complaint, in connection with a motion to file an amended complaint.; *Geras v. Int'l Business Machines Corp.*, 638 F.3d 1311, 1314-15 (10th Cir. 2011) (district court may not consider evidence on a Rule 12(b)(6) motion simply because that evidence contains facts relevant to the claims in the complaint); *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (discussing the limited exceptions to the restrictions on what a court can consider in resolving a motion to dismiss); *Bell v. Harley-Davidson Motor Co.,* 2007 WL 935588, at *1 (S.D. Cal. 2007) (Rule 26 disclosures are not in the nature of materials that the court can consider on a motion to dismiss)

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to amend complaint (doc. 13) is **granted**.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff shall file her amended complaint no later than **Friday, September 4, 2016**.

**IT IS SO ORDERED.**

Dated this 26th day of August, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge