### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

DEBORAH PERRYMAN,

                      Plaintiff,

vs.

ACCOUNT RECOVERY SPECIALISTS, INC.

and

CARL L. FALCONE, M.D.

                      Defendants.

Case No. 2:15-CV-09077-JWL-TJJ

### **AMENDED COMPLAINT**

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's causes of action against Defendants states as follows:

1. Plaintiff is a resident of Kansas.

2. Defendant Account Recovery Specialists, Inc. is a Kansas corporation.

3. At all times relevant hereto, Defendant Account Recovery Specialists, Inc. was and is engaged in the business of collecting consumer debts, all within Kansas.

4. Defendant Carl L. Falcone is a resident of Kansas.

5. At all times relevant hereto, Defendant Dr. Carl L. Falcone was a supplier, engaged in the enforcement of consumer transactions.

6. The Court has subject matter jurisdiction over the Fair Debt Collection Practices Act pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the Kansas Consumer Protection Act pursuant to 28 U.S.C. § 1367 as the claim is sufficiently so

related to Plaintiff's claim that they form part of the same case or controversy under Article III of the United States Constitution.

## FACTS COMMON TO ALL COUNTS

7. On February 25, 2013, Dr. Carl L. Falcone (hereinafter "Dr. Falcone") sued Plaintiff in the District Court of Wyandotte County, Kansas, seeking to collect a consumer debt.

8. Plaintiff retained counsel on April 29, 2013 to represent her in the case filed by Dr. Falcone.

9. Dr. Falcone subsequently dismissed his case against Plaintiff.

10. On July 11, 2013, Plaintiff was directly sent a dunning letter by Credit Bureau Services, Inc., a debt collector, attempting to collect on the same debt that Dr. Falcone had previously filed suit.

11. Plaintiff sued Credit Bureau Services, Inc. on July 23, 2013 asserting that Credit Bureau Services, Inc. violated the Fair Debt Collections Practices Act by contacting Ms. Perryman directly when it knew, or could readily ascertain, the attorney's name and address who represented her on the previous suit.

12. The case was settled and the Plaintiff dismissed its cause of action with prejudice on October 4, 2013.

13. Dr. Falcone subsequently engaged Defendant Account Recovery Specialists, Inc. to collect on the same debt involved in the previous two lawsuits.

14. On April 25, 2014 Defendant sent a demand letter directly to Plaintiff demanding payment on the same medical bill from Dr. Falcone.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW Plaintiff Deborah Perryman, and as for Count I against Defendant Account Recovery Specialists, Inc. (ARSI), states and alleges as follows:

15. Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

16. This is an action for damages brought by an individual consumer for Defendant ARSI's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter FDCPA), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

17. Plaintiff is a consumer as defined by 15 USC §1692a(3) of the FDCPA.

18. The principal purpose of Defendant ARSI is the collection of consumer debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

19. Defendant ARSI is a debt collector as defined by 15 USC §1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

20. Defendant ARSI was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are

the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

21. The standard in determining whether a Defendant violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 -75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

22. On April 25, 2014, Defendant ARSI sent a demand letter to Plaintiff, demanding payment on a medical bill from Defendant Dr. Falcone, in an attempt to collect a consumer debt.

23. A redacted copy of the letter is attached hereto as Exhibit A.

24. On February 25, 2014, 2013, Defendant was sued by Dr. Falcone, in the District Court of Wyandotte County, Kansas in case number 13LA1397 alleging that Plaintiff owed Dr. Falcone a consumer debt.

25. In response to the summons served upon Plaintiff, she retained counsel in case number 13LM1397 and an answer and entry of appearance were filed on April 29, 2013.

26. The entry of appearance indicated that Plaintiff was represented by the Consumer Legal Clinic, LLC regarding the debt at issue.

27. Case number 13LM1397 was subsequently dismissed by Dr. Falcone.

28. Subsequent to the dismissal, Defendant ARSI, on behalf of Dr. Falcone, contacted Plaintiff directly to demand payment on the same account despite knowing that Plaintiff was represented by counsel.

29. 15 USC 1692b precludes a debt collector from contacting a represented debtor after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

30. Alternatively, if Defendant ARSI was not aware that Plaintiff was represented by counsel, it was because Defendant purposefully lacked sufficient procedural safeguards to insure it did not learn of Plaintiff's representation by counsel.

31. In other words, Defendant ARSI was willfully ignorant of the fact that Plaintiff was represented by counsel, due to unfair practices, prohibited by the Fair Debt Collections Practices

32. 15 USC 1692f precludes a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

33. Although 15 USC 1692f enumerates a number of violations, it is not exhaustive. *Elyazidi v. SunTrust Bank*, 780 F.3d 227, 235 (4th Cir. 2015).

34. The above-described acts violated 15 USC 1692b or alternatively 15 USC 1692f.

35. Defendant ARSI's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

36.     As a result of the above violations of the stated Act, the Defendant ARSI is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant ARSI for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

## COUNT II
## VIOLATION OF KANSAS CONSUMER PROTECTION ACT

COMES NOW Plaintiff, Deborah Perryman, and as for Count II against Defendant Dr. Carl L. Falcone (hereinafter "Dr. Falcone"), states and alleges as follows:

37.     Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

38.     Plaintiff is a consumer as defined by K.S.A. §50-624(b) of the Kansas Consumer Protection Act (KCPA).

39.     Defendant Dr. Falcone is a supplier of consumer products as defined by K.S.A. §50-624 and is subject to the requirements and provisions of the Kansas Consumer Protection Act.

40.     The transaction at issue is a consumer transaction as defined by K.S.A. §50-624(c).

41.     On February 25, 2013, Dr. Falcone (hereinafter "Dr. Falcone") sued Plaintiff in the District Court of Wyandotte County, Kansas, seeking to collect a consumer debt.

6

42. Plaintiff retained counsel on April 29, 2013.

43. Defendant Dr. Falcone subsequently dismissed his case against Plaintiff.

44. After the dismissal, Defendant Dr. Falcone engaged the services of Credit Bureau Services, Inc. to collect on the debt.

45. On July 11, 2013, Plaintiff was sent a dunning letter by Credit Bureau Services, Inc., a debt collector, attempting to collect on the same debt allegedly owed to Defendant Dr. Falcone that was previously dismissed.

46. Plaintiff sued Credit Bureau Services, Inc. on July32, 2013 asserting that Credit Bureau Services, Inc. violated the Fair Debt Collections Practices Act by contacting Ms. Perryman directly when it knew, or could readily ascertain, the attorney's name and address who represented her on the previous suit.

47. The case was settled and the Plaintiff dismissed its cause of action with prejudice on October 4, 2013.

48. Defendant Dr. Falcone has now engaged a second debt collector, Defendant ARSI, to collect on the same debt that was at issue in the previous two lawsuits.

49. On April 25, 2014 Defendant ARSI sent a demand letter directly to Plaintiff demanding payment on the same debt from Defendant Dr. Falcone.

50. Defendant Dr. Falcone purposefully neglected to inform ARSI that Plaintiff had representation in regards to the debt at issue so that ARSI would contact Plaintiff directly, thus circumventing protections provided for by the Fair Debt Collection Practices Act, 15 USC 1692b, which prohibits a debt collector from contacting a consumer directly that it knows to be represented by counsel.

51. K.S.A §50-626 provides that "(a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction."

*52.* The above-described actions of Defendant Dr. Falcone violated section K.S.A §50-627 that provides that "(a) No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction. An unconscionable act or practice violates this act whether it occurs before, during or after the transaction."

53. In determining whether an act or practice is unconscionable, K.S.A §50-627 provides that the Court shall consider circumstances of which the supplier knew or had reason to know, such as, but not limited to the following that:

*(1) The supplier took advantage of the inability of the consumer reasonably to protect the consumer's interests because of the consumer's physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor.*

54. Defendant Dr. Falcone's acts and omissions as described herein are deceptive pursuant to K.S.A. §50-626 and unconscionable pursuant to K.S.A. §50-627.

55. By virtue of the actions of Defendant Dr. Falcone, Plaintiff was aggrieved by virtue of the imposition of some burden or obligation that federal law was designed to alleviate.

56. Each act or omission described above describes a separate violation of the Kansas Consumer Protection Act, K.S.A. §50-623, et seq.

57. Because of Defendant Dr. Falcone's deceptive acts, Deborah Perryman is an aggrieved consumer, has been harmed, has incurred actual damages, and has incurred attorney fees.

58. Pursuant to K.S.A. §50-636, Deborah Perryman is entitled to the greater of actual damages or statutory damages in a sum set by the Court of not more than $10,000 for each violation.

WHEREFORE, Plaintiff respectfully prays for judgment on Count II against Defendant Dr. Falcone and requests the Court:

a. Award actual damages and restitution to Plaintiff;

b. If actual damages are less than $10,000.00, award statutory damages in an amount determined by the Court up to $10,000.00 per violation pursuant to K.S.A. §50-634(b) and K.S.A. §50-636 for each and every violation of the Kansas Consumer Protection Act;

c. Award costs and reasonable attorneys' fees, pursuant to K.S.A. §50-634; and

d. Such other and further relief as the Court deems just and equitable.

Respectfully submitted,

By: __/s/ A.J. Stecklein_____
A.J. Stecklein #16330
Michael H. Rapp #25702
Consumer Legal Clinic, LLC
748 Ann Ave
Kansas City, KS 66101
Telephone:  (913) 371-0727
Facsimile:  (913) 371-0147
Email: aj@kcconsumerlawyer.com
            mr@kcconsumerlawyer.com
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      I certify that on 8/31/15, a true and correct copy of the above and foregoing was filed electronically with the Clerk of the Court, which will automatically notify counsel of record.

                                      /s/ A.J. Stecklein\
                                      A.J. Stecklein # 16330